UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:  3:17cr33/MCR/ZCB
                 3:19cv4836/MCR/ZCB

COURTNEY M. BLANKENSHIP
_____/

**REPORT AND RECOMMENDATION**

Currently before the Court is Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Docs. 44, 47). The Government has filed a response and notices of supplemental authority (Docs. 51, 52, 55, 56), and Defendant has replied. (Doc. 53). After a review of the record and the arguments presented, the undersigned recommends denying the § 2255 motion without a hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

## I.   Background

On March 22, 2017, a federal grand jury charged Defendant Courtney M. Blankenship in a single count indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). The indictment listed six (6) prior felony convictions.

On May 17, 2017, Defendant pleaded guilty pursuant to a written plea agreement and statement of facts. (Docs. 23-28, 54). In accord with the Eleventh Circuit pattern jury instructions in effect at the time, the statement of facts identified the two elements of the offense as follows:

> First: Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and
>
> Second: Before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

(Doc. 24 at 3). Consistent with then-controlling precedent, Defendant's knowledge of his status as a felon was neither mentioned during the plea proceeding (Doc. 54) nor identified as part of the factual basis in support of his plea. Defendant did not object to the determination that he had previously been convicted of a felony.

The District Judge sentenced Defendant to 84 months' imprisonment. (Doc. 35). Judgment was entered on August 24, 2017, and Defendant did not appeal. Defendant filed this § 2255 motion on November 22, 2019. (Doc. 44 at 12). Defendant seeks relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Court held that to convict a defendant of unlawfully possessing a firearm under 18 U.S.C. § 922(g) the Government must prove the defendant knew of his prohibited status when he possessed the firearm. Defendant claims he is entitled to relief under § 2255 because the indictment failed

to allege the knowledge-of-status element and the facts supporting his guilty plea did not address that element. The Government has responded, arguing that Defendant's claim has been procedurally defaulted.

## II. Discussion

### A. Timeliness

A § 2255 motion is timely if filed within one year from "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It is undisputed that Defendant's motion is timely under § 2255(f)(3) because it was filed within one year of the Court's decision in *Rehaif*, *Rehaif* recognized a new right, and that new right has been made retroactive to cases on collateral review. *Seabrooks v. United States*, 32 F.4th 1375 (11th Cir. 2022) (holding that *Rehaif* applies retroactively to cases involving an initial § 2255 motion).

### B. Procedural Default

The Government contends Defendant's *Rehaif* claim has been procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*

3

*v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A court may excuse a procedural default if a defendant shows either (1) cause and prejudice for his failure to raise the issue on direct appeal, or (2) there has been a miscarriage of justice or defendant is actually innocent. *Seabrooks*, 32 F.4th at 1384. The government can waive procedural default, but it has not done so here.

In this case, Defendant has unquestionably procedurally defaulted his *Rehaif* claim. As noted above, Defendant did not file a direct appeal. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (stating it was "beyond dispute" that a defendant's claim was procedurally default where "a direct appeal was not even filed"). That brings the Court to the question of whether either one of the two exceptions applies. Defendant claims that his procedural default should be excused under both exceptions—there is cause and prejudice and he is actually innocent. (Doc. 53 at 4-5).

### 1. Cause and Prejudice

Defendant claims that the cause and prejudice exception to procedural default applies here. Defendant argues that cause is present because the legal basis for his *Rehaif* claim "was not reasonably available to counsel at the time a direct appeal was or could have been filed." (Doc. 53 at 4). Put another, way Defendant's argument is that it would have been futile to argue on direct appeal that knowledge of status

4

was an element for a § 922(g) conviction because Eleventh Circuit precedent had rejected that argument. (*Id.*). Defendant's argument lacks merit.

Cause to excuse procedural default "must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992). A defendant may show cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is not novel when a defendant "made a conscious choice not to pursue the claim on direct appeal because of perceived futility." *United States v. Bane*, 948 F.3d 1290, 1296-97 (11th Cir. 2020). As the Supreme Court has explained "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (cleaned up); *see also McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001) ("[T]he Supreme Court could not have been clearer that perceived futility does not constitute cause to excuse a procedural default.").

Defendant is correct that at the time of his conviction and sentence, the Eleventh Circuit had held that knowledge of status was not an element of a § 922(g) offense. Although it may have been futile for him to raise that argument on direct

appeal, futility does not constitute cause. Moreover, the Eleventh Circuit has explicitly stated in a case raising the same issue as the current one that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020); *see also Gant v. United States*, No. 21-11013, 2021 WL 4472820, at *3 (11th Cir. July 30, 2021) (order) (explaining that "a *Rehaif* claim involves a purely statutory interpretation…rather than a new rule of constitutional law, and thus is not 'truly novel'"). Defendant, therefore, cannot establish cause to excuse his procedural default by arguing that the *Rehaif* claim was novel or that it would have been futile for him to make such an argument on direct appeal.[1]

Similarly flawed is any argument that cause exists here because Defendant's attorney performed ineffectively by failing to argue that knowledge of status was an element of § 922(g)(1). Ineffective assistance of counsel can constitute cause to excuse procedural default. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). But it is well settled that counsel does not provide ineffective assistance by failing to predict a change in the law. *See Rambaran v. Sec'y, Dep't of Corrs.*, 821

---

[1] Courts across the Eleventh Circuit have reached the same conclusion in similar cases. *See, e.g.*, *Davis v. United States*, No. 4:15-CR-19, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (finding *Rehaif* claim to be procedurally defaulted and citing numerous cases that have reached the same result).

6

F.3d 1325, 1334 (11th Cir. 2016) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how they law may develop.") (cleaned up). Thus, Defendant cannot establish cause by arguing that his counsel was ineffective for failing to raise what, at the time, would have been a meritless argument regarding the need to prove knowledge of status to convict a defendant under § 922(g)(1). *See Whigan v. United States*, No. 2:19-CV-685, 2022 WL 1752411, at *3 (M.D. Ala. Apr. 20, 2022) (holding that defense counsel's "failure to raise a *Rehaif* claim previously does not constitute cause, because counsel cannot be ineffective for failing to raise a claim based on predictions of how the law may develop"). Because Defendant has failed to show cause, it is unnecessary to consider the prejudice prong of the cause and prejudice exception.

## 2. Actual Innocence

Defendant also argues that his procedural default should be excused under the actual innocence exception. A defendant may avoid procedural default if he can show that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623 (cleaned up). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. Those seeking to establish actual innocence to excuse procedural default "face a high bar."

*Wallace v. United States*, 43 F.4th 595, 606 (6th Cir. 2022). To overcome that high bar, a defendant must establish that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotations omitted).

Here, Defendant cannot establish that he was "actually innocent" of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) because he did not know he was a convicted felon when he possessed the firearm and ammunition on January 6, 2017. It is undisputed that Defendant had previously been convicted of multiple felony offenses. (Docs 1, 24). Indeed, he had so many prior convictions that he qualified for Criminal History Category VI. (Doc. 33 at 14). This is not a situation where a defendant might have plausibly been mistaken about whether he had a felony conviction. Nor is it a situation where a defendant may have reasonably believed none of his underlying offenses were felonies because he was never sentenced to imprisonment. Rather, Defendant's PSR reflects that he was twice sentenced to over one year of imprisonment. (Doc. 33, PSR ¶¶ 37, 41). As the Supreme Court has noted, "[i]f a person is a felon, he ordinarily knows he is a felon," because "[f]elony status is simply not the kind of thing that one forgets." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (cleaned up). And "someone who has been convicted of felonies repeatedly is especially likely to know he is a

8

felon." *Innocent*, 977 F.3d at 1082. Moreover, the Eleventh Circuit has held that "serving more than a year in prison provides circumstantial evidence of knowledge of felon status." *Id*. at 1083. There is no basis in the record for the Court to conclude that "it is more likely than not" that a reasonable jury would have acquitted Defendant of the § 922(g)(1) charge based on the argument that he did not know he was a felon. Accordingly, the actual innocence exception to procedural default does not apply here.

To the extent Defendant argues that there was a jurisdictional defect because his indictment failed to state an essential element of the offense, he is incorrect. Although procedural default does not apply to jurisdictional defects, the Eleventh Circuit has specifically held that failure to include knowledge of status as an element in an indictment charging a § 922(g) offense is not jurisdictional defect. *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2022).

### III.   Conclusion

For these reasons, the Court finds that Defendant has procedurally defaulted the claim raised in his § 2255 motion. Therefore, Defendant's motion should be denied.

### IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing). And the Eleventh Circuit has previously refused to grant a certificate of appealability in a similar circumstance. *Gant*, 2021 WL 4472820, at *4. Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.[2]

For the reasons above, it is respectfully **RECOMMENDED**:

---

[2] The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(b), Rules Governing Section 2255 Cases. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 44) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 3rd day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C)**; see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**